UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EVANS,

        Plaintiff,

v.

                                    Case No.  25-cv-12914
                                    Hon. Matthew F. Leitman

HEIDI WASHINGTON, *et al*.,

        Defendants.
_____/

### ORDER (1) PARTIALLY DISMISSING COMPLAINT (ECF No. 1), (2) DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL (ECF No. 3), AND (3) TERMIANTING PLAINTIFF'S REQUEST FOR STATUS REPORT AS MOOT (ECF No. 7)

Plaintiff David Evans is a state inmate presently confined at the Macomb Correctional Facility in Lenox Township, Michigan.  On September 15, 2025, Evans, proceeding *pro se*, filed this civil-rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  In his Complaint, Evans states that various Michigan Department of Corrections ("MDOC") employees acted with deliberate indifference to his serious medical needs after he swallowed an ink pen. (*See id.*)  The Court has conducted a preliminary screening of Evans' Complaint, and for the reasons explained below, the Court summarily **DISMISSES** certain claims and Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). The Court further

1

**DENIES** Evans' motion to appoint counsel and his request for a status report. (*See*

ECF Nos. 3, 7.)

<strong>I</strong>

On September 25, 2025, Magistrate Judge David R. Grand granted Evans *in*

*forma pauperis* status in this action. (*See* Order, ECF No. 6.)  Under the Prison

Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in*

*forma pauperis* complaint before service on a defendant if it determines that the

action is frivolous or malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such

relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A. A

complaint is frivolous if it lacks an arguable basis in law or in fact. *See Denton v.*

*Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure

8(a) requires that a complaint set forth "a short and plain statement of the claim

showing that the pleader is entitled to relief," as well as "a demand for the relief

sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  While this

notice pleading standard does not require "detailed" factual allegations, it does

2

require more than the bare assertion of legal principles or conclusions. *See Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II

Evans' injuries occurred during his time in the Resident Treatment Program at the Gus Harrison Facility in Adrian, Michigan, where he was provided psychiatric treatment.[1] (*See* Compl., PageID.4.)   Evans says that on April 23, 2024, he swallowed a "Bic ink pen in direct observation of Defendant RUM Roark, who told [him]: 'You're not going to the hospital.'" (*Id.*)  Evans was then seen by Defendant

---

[1] For purposes of this order, the Court accepts as true the facts set forth in Evans' Complaint.

RN Doe, who conducted a visual inspection. Defendant John Doe thereafter placed Evans on suicide observation status. (*See id.*, PageID.5.) No further action was taken at that time.

Three days later, Evans was sent to the Health Care Unit. An X-ray performed by Defendants Gendal and Janowicki showed the ink pen in Evans' stomach. Evans complained of stomach pain and vomiting. Defendants did not send Evans to the hospital for additional treatment. Evans says that he filed numerous grievances related to his treatment and that all of those grievances were denied.

In July 2024, Evans again complained to Defendant Roark that he was in severe pain. He also complained to Defendants Gendal and Janowicki of pain and vomiting but was denied medical treatment. (*See id.*, PageID.7.) In September, Evans complained of pain again to Defendant Donnelly, who declined to take any action. In October, Defendants Gendal and Janowicki authorized Evans' emergency transfer to the hospital. (*See id.*)  Evans then underwent surgery to remove the ink pen. He says that the doctors informed him that the ink pen had perforated his stomach causing an infection.

Evans' Complaint names as Defendants, in their individual capacities only, the following parties: MDOC officials Director Heidi Washington, Deputy Director Jeremy Bush, Grievance Manager Richard Russell, Grievance Coordinator Unknown Lawson, Resident Unit Manager Unknown Roark, RN John Doe, PA

4

Unknown Gendal, NP Unknown Janowicki, RN R. Swift, RN K. Korte, Unit Chief Unknown Donnelly, and Legislative Corrections Ombudsman Jane Doe. (*See id.*, PageID.2-4.) Evans brings a claim against the Defendants for deliberate indifference to his serious medical needs. He also appears to bring claims arising out of the denial of the grievances he filed. Finally, he brings state law tort claims of gross negligence, medical malpractice, and the intentional infliction of emotional distress. He seeks monetary damages as well as declaratory and injunctive-type relief.

## III

### A

As an initial matter, Evans fails to state a claim against certain Defendants related to the denial or handling of his grievances. For instance, Evans claims that Defendants Swift and Korte wrongfully denied his grievances. (*See id*., PageID.5-6.) While Evans alleges that these Defendants wrongfully denied his administrative grievances, Evans does not allege that any of these Defendants played a role in the denial or delay of his medical treatment. The Sixth Circuit has repeatedly held that a prison official's denial of a grievance arising out of a completed act of misconduct, even if wrongful, does not violate a plaintiff's federal constitutional rights where the official was not involved in the underlying activity that was challenged in the grievance. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (affirming dismissal of claims against defendants where plaintiff's "only allegations" against

5

those defendants "involve[d] their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Lee v. Michigan Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) (holding that a plaintiff "may not base his claim against the individual defendants upon their denial of his administrative grievances. Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance"); *Bittner v. Wilkinson*, 19 F. App'x 310, 313 (6th Cir. 2001) (same). Because Evans does not allege that these Defendants did anything more than deny his grievances, he cannot state a viable claim against them. Therefore, the Court will dismiss Evans' claims against Defendants Swift and Korte.

Evans also claims that Defendants Washington, Bush, Russell, and Lawson have "a policy of systematic deliberate indifference that nearly 100% of grievances are to be denied, falsely rejected, nor not processed and answered at all." (Compl., PageID.6.)   But this allegation that Defendants have such a policy is wholly conclusory and not plausible.  The Court therefore summarily dismisses the claims against Defendants Washington, Bush, Russell, and Lawson.

**B**

The Court next turns to Evans' federal claim for deliberate indifference to his serious medical needs and his related state-law claims.  The Court concludes that those claims are not subject to summary dismissal at this time.  While Evans may or

may not ultimately prevail on those claims, he has pleaded sufficient facts to survive summary dismissal at this early stage of the litigation.  However, the Court expresses no opinion as to whether these claims would be subject to dismissal on a motion brought by the Defendants under Federal Rule of Civil Procedure 12(b)(6).

**IV**

Lastly, Evans has filed a motion to appoint counsel along with his Complaint. (*See* Mot., ECF No. 3.) Evans says that the Court should appoint him counsel because his mental health, physical disabilities, and lack of legal experience make it difficult for him to litigate his case. (*See id.*, PageID.40.)

Plaintiffs in civil cases have no constitutional right to appointed counsel. *See Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Appointment of counsel is left to the discretion of the Court. *See id.* at 606. When considering whether to appoint counsel, a court should consider the type of the case, the complexity of the facts and legal issues, and the litigants' ability to represent themselves. *See id.* Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous, or when the chances of success are extremely slim. *See id.*

At this stage of the litigation, where the Court has dismissed certain Defendants and claims, and the remaining Defendants have yet to be served, the Court finds no circumstances warrant the appointment of counsel.  Evans has shown the ability so far to present the case before the Court – by filing the Complaint and

this motion. The Court therefore **DENIES WITHOUT PREJUDICE** Evans' motion to appoint counsel.

Evans has also filed a request for a status report. (*See* Req., ECF No. 7.) In light of this order, Evans' request is **TERMINATED AS MOOT**.

## V

For the reasons explained above, it is **ORDERED** that Evans' claims against Defendants Washington, Bush, Russell, Lawson, Swift, Korte, and Jane Doe are **DISMISSED**. These Defendants are **DISMISSED** from the case, as there are no surviving claims against them.

It is further **ORDERED** that Evans' Section 1983 claims for deliberate indifference and state tort claims may proceed against Defendants Roark, Janowicki, Gendal, John Doe, and Donnelly.

It is further **ORDERED** that Evans' motion to appoint counsel (ECF No. 3) is **DENIED** and his request for status report (ECF No. 7) is **TERMINATED AS MOOT**.

 **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN

Dated:  March 19, 2026                    UNITED STATES DISTRICT JUDGE

8

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 19, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126