UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID EVANS,

      Plaintiff,

                                    Case No. 25-cv-12914
v.                                   Hon. Matthew F. Leitman

HEIDI WASHINGTON, *et al.*,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION
## FOR RECONSIDERATION (ECF No. 10)

Plaintiff David Evans is a state inmate presently confined at the Macomb Correctional Facility in Lenox Township, Michigan.  On September 15, 2025, Evans, proceeding *pro se*, filed this civil-rights action pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.)  In his Complaint, Evans states that various Michigan Department of Corrections ("MDOC") employees acted with deliberate indifference to his serious medical needs after he swallowed an ink pen. (*See id.*)  On March 19, 2026, the Court entered an Order dismissing certain claims and Defendants pursuant to its required review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). (*See* Order, ECF No. 8.)  Specifically, the Court dismissed Evans' claims against Defendants RN R. Swift and RN K. Korte because Evans' only allegation against those two Defendants was that they had wrongfully denied his administrative

1

grievances.  Such an allegation does not state an Eighth Amendment claim in the Sixth Circuit. (*See id.*, PageID.52-53.)  The Court also dismissed Evans' claim that Defendants Director Heidi Washington, Deputy Director Jeremy Busch, Grievance Manager Richard Russell, and Grievance Coordinator Unknown Lawson had "a policy of systematic deliberate indifference that nearly 100% of grievances are to be denied, falsely rejected, nor not processed and answered at all" because that allegation was wholly conclusory and not plausible. (*See id.*, PageID.53 (quoting Compl., ECF No. 1, PageID.6).)

Evans has now filed a motion for reconsideration of the Court's March 19 Order. (*See* Mot., ECF No. 10.)  Evans argues that the Court made two errors warranting reconsideration.  The Court addresses each of his arguments below, and for the following reasons, **DENIES** Evans' motion for reconsideration.

First, Evans argues that the Court erroneously dismissed his claims against Swift and Korte because they "could have intervened to prevent [his] injury and continued suffering when the medical complaint came to their knowledge when addressing [his] grievances." (*Id.*, PageID.61.)  He cites several cases that he says support the proposition that Swift and Korte can be liable under these circumstances. (*See id.*)  The Court disagrees.  At the outset, most of the cases Evans cites are out-

2

of-circuit.[1]   The sole Sixth Circuit case he cites, *Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2000), is inapposite.  The relevant portion of *Leary* holds that *supervisors* "can be held liable under § 1983 only if [they] 'encouraged the specific incident of misconduct or in some other way directly participated in it' or 'at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.'" *Leary*, 228 F.3d at 740 (quoting *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)).  The court specifically noted that "merely being aware of the misconduct" is not enough for liability. *Id.*  In addition to the fact that Swift and Korte do not appear to be supervisors, Evans at best alleged only their awareness of other Defendants' misconduct.  He did not allege that they encouraged or participated in denial of medical treatment, or that they authorized, approved, or knowingly acquiesced in the denial.  He claims only that Swift and Korte reviewed

---

[1] In addition to being only persuasive authority, the cases Evans primarily relies on are distinguishable.  For example, in *Sanchez v. City of Chicago*, 700 F.3d 919 (7th Cir. 2012), the plaintiff brought a failure-to-intervene theory of liability against police officer defendants who were firsthand witnesses to other police officers' allegedly unconstitutional conduct.  That case did not involve defendants who allegedly became aware of other defendants' conduct through administrative grievance procedures.  And the other case Evans quotes, *McKenna v. Wright*, 386 F.3d 432, 438 (2d Cir. 2004), actually cuts against Evans' position.  In *McKenna*, the court noted that "it is questionable whether an adjudicator's rejection of an administrative grievance would make him liable for the conduct complained of," but held that the claims could proceed against a particular defendant "because he is alleged . . . to have been responsible for the prison's medical program." *Id.* at 437–38.  Here, Evans alleged only that Swift and Korte had denied his administrative grievances.  He did not claim that they were supervisors or otherwise responsible for the prison's medical program.

and denied his administrative grievances *after* he was denied necessary medical treatment. Moreover, in its March 19 Order, the Court cited other Sixth Circuit authority that confirms dismissal is appropriate here. In *Shehee v. Luttrell*, 199 F.3d 295 (1999), the Sixth Circuit affirmed dismissal of claims against defendants where plaintiff's "only allegations" against these defendants "involve[d] their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior." *Shehee*, 199 F.3d at 300. The Sixth Circuit specifically held that this type of "failure to act" does not "constitute[] an acquiescence in the unconstitutional conduct." *Id.* For these reasons, the Court concludes it did not err in dismissing Evans' claims against Swift and Korte.

Second, Evans argues that the Court erroneously dismissed his claim of "a systematic policy of deliberate indifference" by Washington, Busch, Russell, and Lawson. (Mot., ECF No. 10, PageID.62.) He says that the Court's "belie[f that] actual proof of these facts is improbable" is not enough to warrant dismissal. (*Id.*) Here, Evans mistakes the Court's reason for dismissal. The Court dismissed this claim because it was entirely conclusory. (*See* Order, ECF No. 8, PageID.53.) Evans provided no factual allegations to support his naked assertion that those Defendants had "a policy" that "nearly 100% of grievances are to be denied, falsely rejected, or not processed and answered at all" besides the fact that his own grievances had been denied. (Compl., ECF No. 1, PageID.6.) The Court was not suggesting that it

4

dismissed Evans' claim against these particular Defendants because it thought the claim was improbable.  The Court therefore declines to reconsider its dismissal of the claims against Washington, Busch, Russell, and Lawson.

For the foregoing reasons, Evans' motion for reconsideration (ECF No. 10) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  April 15, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 15, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5